IN RE: A.E., A Minor Child.
No. COA05-615
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Beaufort County No. 03 J 82.
Alice Anne Espenshade, for petitioner-appellee Beaufort County Department of Social Services.
Edwin Hardy for respondent-appellant.
MARTIN, Chief Judge.
On 17 November 2004, nunc pro tunc 27 October 2003, an order was entered granting temporary custody of A.E. to Brenda McGowan, her paternal grandmother. On 7 November 2003, a petition was filed by Beaufort County Department of Social Services ("DSS") alleging that A.E. was a sexually abused and neglected juvenile. Specifically, DSS alleged that respondent's boyfriend, Roland McSweeney, had improperly disciplined A.E. and had also sexually abused A.E. while he bathed her.
The trial court held hearings on the matter and entered an adjudication judgment and dispositional order on 2 August 2004. The trial court found that McSweeney had "repeatedly inserted his fingers into the child's vaginal opening, causing her pain. Shetold him to stop, but he continued. She informed her mother [respondent] that Roland was `touching her insides' and hurting her, but mother did nothing, and Roland continued to bathe the child each night." The trial court additionally found that A.E. had frequent bed-wetting accidents and that McSweeney had inappropriately punished her for these accidents. McSweeney had on one occasion denied A.E. access to a bathroom when she needed to use it. He forced her to stand on a bed until she wet herself and her bedclothes. He then shoved a "scrunchie" in her mouth and refused to let her remove it. Respondent entered the room, removed the scrunchie, and then left again, at which time McSweeney replaced the scrunchie in A.E.'s mouth. The trial court concluded there was clear, cogent and convincing evidence that A.E. was a sexually abused and neglected child. Accordingly, the trial court continued custody of A.E. with McGowan. Respondent appeals.
Respondent argues there was insufficient evidence and findings to support the trial court's adjudication that A.E. was a sexually abused and neglected child.
After careful review of the record, briefs and contentions of the parties, we affirm. "'The allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence.'" In re J.A.G., ___ N.C. App. ___, ___, 617 S.E.2d 325, 329 (2005) (quoting N.C. Gen. Stat. § 7B-805 (2005)). "In a non-jury adjudication of abuse, neglect, and dependency, `the trial court's findings of fact supported by clear and convincing competent evidence are deemed conclusive, even where some evidence supports contrary findings.'" In re P.M., 169 N.C. App. 423, 424, 610 S.E.2d 403, 404 (2005) (quoting In re Helms, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997)).
In the case sub judice, we conclude there was clear and convincing evidence to support the trial court's findings of fact, and the court's findings support the conclusions of law and the adjudication of abuse and neglect. A.E. testified that McSweeney would bathe her at night, and that he would touch her "insides." Specifically, A.E. testified that he hurt her while washing her by touching her "gina." A.E. demonstrated on a doll for the trial court what she meant by "gina" and showed how McSweeney would touch her. A.E. then testified that she reported to her mother that McSweeney was touching her "gina," but he still kept giving her baths and touching her. A.E. also testified that McSweeney "made me not go to the bathroom" and as a result she urinated on herself, that McSweeney would punish her by putting a scrunchie in her mouth, that her mom would take it out, and that McSweeney would put it back in. Based on this testimony, there was sufficient evidence to support the trial court's findings of fact and it was within the trial court's discretion to conclude that A.E. was sexually abused and neglected. Accordingly, we affirm.
Affirmed.
Judges BRYANT and GEER concur.
Report per Rule 30(e).